■ MERIDIAN MANAGEMENT CORPORATION, Respondent, v CRISTI CLEANING SERVICE CORP., Appellant. [894 NYS2d 422]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 20, 2008, which, insofar as appealable, denied defendant's cross motion for summary judgment on its second counterclaim and severed plaintiff's claim for attorneys' fees and defendant's counterclaims, unanimously modified, on the law, the severance vacated, and otherwise affirmed, without costs. Judgment, same court and Justice, entered February 5, 2009, awarding plaintiff the principal sum of $132,017.88, pursuant to so much of the above order as granted plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, and plaintiff's motion for summary judgment denied. Appeal from so much of the above order as granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In October 2003, plaintiff entered into an agreement with the Port Authority of New York and New Jersey to provide maintenance and janitorial services at several facilities, including the Airtrain Jamaica Terminal Complex in Queens. Two months later, plaintiff subcontracted the janitorial services at this site to defendant. The subcontract provided, inter alia, that the monthly payments to defendant would include the cost of labor, services, materials and equipment, as well as "all applicable taxes, including sales tax." Yearly lump-sum prices set forth in the specifications were also to include sales tax. Defendant agreed to indemnify plaintiff "against any and all claims or damages" arising from its performance of the subcontract, with the losing party in any litigation to reimburse the prevailing party for legal expenses and costs. Significantly, the detailed payment schedules specifically itemized sales tax on "supplies," "uniforms/radios" and "equipment," but was silent as to sales tax on labor or services.

In May 2006, the New York State Department of Taxation and Finance (DTF) conducted an audit of plaintiff's work for the Port Authority, and after adjustments, assessed a sales tax liability of $132,017.88, including interest, for the Jamaica site. On June 21, plaintiff demanded in writing that defendant pay this tax assessment. When defendant failed to respond, plaintiff allegedly paid the assessment on July 27, and repeated its demand for payment in December. On January 15, 2007, defendant's counsel advised plaintiff that defendant would not pay the assessment, since an audit of defendant by DTF had determined that all work performed by defendant for plaintiff

was "for resale," with no sales tax consequence. Counsel also suggested that plaintiff had been improperly taxed and should seek a refund, since DTF had deemed defendant to be "a vendor for resale services" and thus not subject to sales tax.

Plaintiff commenced this action in July 2007, alleging that defendant breached the contract by failing to pay the sales tax in question. Defendant filed an answer denying the allegations and asserting certain counterclaims.

Plaintiff moved for summary judgment in January 2008. Defendant opposed and cross-moved for summary judgment on its second counterclaim for breach of contract and to dismiss the complaint. Defendant argued that it had no sales tax obligation because the Port Authority is a tax-exempt entity that is not required to pay sales tax on services it performed for it, and the services performed by defendant were for resale and thus not subject to sales tax.

In granting judgment for plaintiff, the court noted that the contract, under the heading "Consideration" and in the annual pricing clearly included sales tax, and thus it did not matter which party was responsible for sales tax in the ordinary course of business. The court rejected defendant's argument that a DTF audit, purportedly showing no sales tax owed by defendant for the period of September 1998 through August 2006, meant that all of defendant's services performed under this subcontract were—in the words of defendant's accountant—"for resale," and thus not subject to New York State sales tax.

The court also determined there was no evidence to support defendant's argument that plaintiff should have obtained a resale certificate, finding a legal presumption that all receipts for services were subject to sales tax unless established to the contrary. Noting that DTF had determined the services were taxable, the court found, as a matter of law, that both parties were jointly and severally liable unless they could prove that the services were not taxable.

It has long been settled that the "proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once this burden has been met, the party opposing such motion must "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]) "by producing evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not

to determine the merits of any such issues (*Sheehan v Gong*, 2 AD3d 166, 168 [2003]), or to assess credibility (*S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]).

Here, material triable issues of fact exist. Plaintiff did not, in either its submissions or oral argument on appeal, adequately address the DTF audit regarding the taxes at issue. In essence, plaintiff had a letter from DTF assessing sales taxes due, and defendant had a letter from the same agency purportedly stating its services were not taxable, although examination of the letter document reveals it is silent on the question of tax assessment. It is well settled that where the facts of a particular case permit conflicting inferences to be drawn, summary judgment must be denied (*Morris v Lenox Hill Hosp.*, 232 AD2d 184, 185 [1996], *affd* 90 NY2d 953 [1997]). Moreover, there is a question as to whether the subcontract, drafted by plaintiff, when read as a whole, requires defendant to collect sales taxes on its services to a tax-exempt customer (Port Authority), rather than on just the items specifically listed in the contract ("supplies," "uniforms/radios" and "equipment").

There is also an issue as to whether plaintiff's employees directed defendant not to collect sale taxes on these services. By granting plaintiff summary judgment, the court improperly assessed the credibility of the claims asserted by the parties rather than limiting itself to determining whether material issues of fact existed (*see Ferrante v American Lung Assn.*, 90 NY2d 623 [1997]).

The court properly denied defendant's cross motion for summary judgment on its second counterclaim, owing factual issues which cannot be resolved upon the submissions, as to whether the $63,534 deduction taken by plaintiff from defendant's final invoice was justified.

In light of the fact that plaintiff's motion for summary judgment was improperly granted, we need not address the other issues raised by defendant, such as whether the indemnification clause of the contract was improperly interpreted by the motion court. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 32850(U).]**