## 179-94 St LLC v Hassan

2024 NY Slip Op 31431(U)

April 23, 2024

Supreme Court, New York County

Docket Number: Index No. 155214/2015

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ             PART         47

*Justice*

--------------------------------------------------------------------X

179-94 ST LLC,MICHAEL KAPLAN, YASHAR
FOUNDATION INC.,

                              Plaintiffs,

- v -

SANIA HASSAN, GAGO PROPERTIES LLC,ROBERT
GAGO, BRIAN M. LIMMER, HENRY GRAHAM, LAW
OFFICE OF HENRY GRAHAM, COOPER & PAROFF,
PC,LAW OFFICE OF HENRY M. GRAHAM, HENRY M.
GRAHAM,

                              Defendants.

--------------------------------------------------------------------X

HENRY GRAHAM, LAW OFFICE OF HENRY M. GRAHAM
(THIRD PARTY DEFENDANT)

                              Plaintiffs,

-against-

DOV TRATNER, TRATNER AND ASSOCIATES PLLC

                              Defendants.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155214/2015 |
| MOTION DATE | 01/02/2024 |
| MOTION SEQ. NO. | 014 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596096/2021

The following e-filed documents, listed by NYSCEF document number (Motion 014) 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537

were read on this motion to/for             SUMMARY JUDGMENT(AFTER JOINDER     .

      Defendants, Robert Gago and Gago Properties LLC (collectively "Gago") move for

summary judgment pursuant to CPLR § 3212 seeking an order dismissing plaintiffs' complaint

as against them. Plaintiff brought fourteen causes of action against Gago alleging fraud and

misrepresentation related to the sale of a building located at 179 East 94th Street, sold by Gago

and purchased by plaintiffs.

[* 1]

Gago argues that plaintiffs' complaint must be dismissed because their claims are barred by a "Release of Personal Liability" executed on October 14, 2014 that releases Gago from all liability for any causes of action involving the sale of the property. Gago also notes that this court relied on the release in the decision and order dated November 16, 2022 granting co-defendant Brian M. Limmer's motion for summary judgment and dismissing the complaint as against him (MS # 12, NYSCEF Doc No 470). Gago argues that the court should apply the "law of the case" doctrine and dismiss the complaint as against them as it would be consistent with the November 16, 2022 decision and order. Plaintiffs argue that there is a triable question of fact whether the release was knowingly and voluntarily signed, making summary judgment improper. Plaintiffs also argue that "law of the case" doctrine is discretionary, and that a recent First Department decision requires the court to undertake an analysis that was not undertaken in the November 16, 2022 decision and order.

## DISCUSSION

*Law of the Case Doctrine*

"The doctrine of [law of the case] is a rule of practice premised upon sound policy that once an issue is judicially determined, further litigation of that issue should be precluded in a particular case" (*In re Part 60 RMBS Put - Back Litig.*, 195 AD3d 40, 47 [1st Dept 2021]). "[W]hile res judicata and collateral estoppel are rigid rules of limitation, [law of the case] has been described as 'amorphous' and involving an element of discretion" (*id*. at 48). "The doctrine may be ignored in extraordinary circumstances such as a change in law or a showing of new evidence" (*Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2nd Dept 2006]).

Plaintiffs argue that the recent First Department case *Trump v Trump*, represented a change in the law when it affirmed the validity of a general release stating that the trial court

**155214/2015   179-94 ST LLC vs. HASSAN, SANIA**
**Motion No.  014**

Page 2 of 7

[* 2]

correctly "engaged in a detailed analysis of whether plaintiff had sufficiently alleged the existence of overreaching or unfair circumstances such that enforcement of the general releases would be inequitable" (*Trump v Trump*, 217 AD3d 594 [1st Dept 2023]). Plaintiffs argue that this represented a change in law requiring courts to engage in a detailed analysis when deciding on the validity of a release. They further argue that this court did not engage in this detailed analysis when applying the release in the November 16, 2022 decision and order.

However, the First Department decision in *Trump* did not represent a change in law and instead was simply applying the "fairly and knowingly made" standard from *Centro* (*Centro*, 17 NY3d at 276). Therefore, plaintiffs have not presented extraordinary circumstances here since they have failed to show a change in the law or new evidence not available to them when the papers on motion sequence number 12 were submitted.

Regardless, in the November 16, 2022 decision and order, this court did engage in an analysis of the validity of the release. In that decision this court stated:

> 179-94 ST and its members are sophisticated real estate developers who were represented by an attorney in this commercial transaction. If they had intended to limit the release to the assignment of the mortgage and the foreclosure action, they should have explicitly stated this in the release rather than executing a broad release for any and all claims. The plain language of the release is clear and unambiguous and demonstrates the parties' intent to settle all claims 179-94 ST had or could have against the Gago Defendants and their agents, including their attorney, Limmer.

(NYSCEF Doc No 470).

"The doctrine of [law of the case] is a rule of practice premised upon sound policy that once an issue is judicially determined, further litigation of that issue should be precluded in a particular case" (*Part 60 RMBS*, 195 AD3d at 47). Consequently, applying the doctrine here precludes plaintiffs' claims as against Gago and those claims must be dismissed

**155214/2015   179-94 ST LLC vs. HASSAN, SANIA**
**Motion No. 014**

Page 3 of 7

3 of 7

Even if the law of the case doctrine was not applicable in this case, plaintiffs claims as against Gago would still be dismissed for the reasons that follow.

*Summary Judgment Standard*

It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

**155214/2015  179-94 ST LLC vs. HASSAN, SANIA**
**Motion No. 014**

**Page 4 of 7**

[* 4]

*Release*

"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (*Centro Empresarial Cempresa S.A. v Am. Movil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011] [internal quotation marks removed]). "If the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*id.* [internal quotation marks removed]). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (*id.* [internal quotation marks removed]).

"Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (*id.* [quoting *Fleming v Ponziani*, 24 NY2d 105, 111 [1969]). A party can show that an agreement releasing liability was not fairly and knowingly made "where because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed inequitable to allow the release to serve as a bar to the claim of the injured party" (*Johnson v Lebanese Am. Univ.*, 84 AD3d 427, 430 [1st Dept 2011]). When determining the validity of the release courts should consider the "nature of the relationship between the parties that negotiated the release and the disparity between the consideration received and the fair value" (*Paulino v Braun*, 170 AD3d 506 [1st Dept 2019]).

Here, the Release states:

> KNOW THAT THE UNDERSIGNED, as RELEASOR, for the sum of ONE HUNDRED AND SIXTY THOUSAND Dollars ($160,000.00), transfer of the deed 179 East 94th Street, NY, NY and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby releases and discharges GAGO PROPERTIES LLC and ROBERT GAGO , its

**155214/2015  179-94 ST LLC vs. HASSAN, SANIA**
**Motion No. 014**

Page 5 of 7

5 of 7

directors, officers, representatives, agents, attorneys, employees, subsidiaries, parents, affiliates, or their respective successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity and personally liability, which against RELEASEE, RELEASOR, his heirs, agents successors and assigns ever had, now have, or hereafter can, shall or may have for, upon, by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

(NYSCEF Doc No 525).

Gago has met their initial burden of establishing that the parties agreed to release Gago from liability with respect to the sale of the 179 East 94th Street, NY, NY property. The burden now shifts to plaintiffs to show that the release should not be enforced. Here, plaintiffs were represented by counsel when they purchased of the property and plaintiffs have had experience investing in real estate (See Kaplan Affidavit, NYSCEF Doc No 520). While plaintiff relies on *Bloss v Va'ad Harabonim of Riverdale*, to establish that a release can still be nullified even when the parties are represented by counsel, there unlike here it was "alleged that the releasor had little time for investigation or deliberation and that it was the result of overreaching or unfair circumstances" (*Bloss v Va'ad Harabonim of Riverdale*, 203 AD2d 36, 40 [1st Dept 1994]).

Plaintiffs admit that they closed on the purchase and executed the Release despite Gago's failure to produce the promised buy out agreements (See Complaint; NYSCEF Doc No 506 at ¶ 30-31). Plaintiffs were represented by counsel and were experienced investors. They knowingly entered into a broad release of liability and have failed to produce evidence that the release was not fairly and knowingly entered into. As in *Centro* "this is an instance where plaintiffs have been so lax in protecting themselves that they cannot fairly ask for the law's protection" (*Centro*, 17 NY3d at 279) and accordingly their claims as against Gago will be dismissed.

**155214/2015  179-94 ST LLC vs. HASSAN, SANIA**
**Motion No.  014**

Page 6 of 7

6 of 7

[* 6]

Accordingly it is,

ORDERED that Gago's motion for summary judgment is granted and the complaint as against Gago Properties LLC and Robert Gago is dismissed; and it is further

ORDERED that the clerk is directed to enter judgment accordingly with costs and disbursements to Gago Properties LLC and Robert Gago; and it is further

ORDERED that the action is severed and continued as against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

20240423161725PGOETZ196E99A28DCDBACF69690D14CE91966D2

| 4/23/2024 | | | | |
|---|---|---|---|---|
| DATE | | | PAUL A. GOETZ, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

155214/2015   179-94 ST LLC vs. HASSAN, SANIA
Motion No.  014

Page 7 of 7

7 of 7