| |
|---|
| **Lopez v TD Bank, N.A.** |
| 2024 NY Slip Op 31742(U) |
| May 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158641/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                    PART                    47

*Justice*

-------------------------------------------------------------------------------X

MARIA SULIMA LOPEZ

Plaintiff,

- v -

TD BANK, N.A.,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158641/2019 |
| MOTION DATE | 02/08/2022 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 69, 70

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this personal injury action arising out of plaintiff's slip and fall on the floor of a TD Bank, N.A. (TD Bank, or defendant) store, defendant moves for summary judgment dismissing the complaint.

## BACKGROUND

Plaintiff testified at her deposition that on July 27, 2018, she left the restaurant where she worked and walked in the rain to the TD Bank storefront located at 1633 Broadway, New York, NY 10031 to deposit her paycheck (NYSCEF Doc No 50, 15:8-17:15, 20:13-21:22). She testified that she could see water on the floor of the bank when she entered (*id.*, 28:11-19). On her way out, seeing that it was still raining outside, she reopened her umbrella (footage,[1] 05:20-05:39). Plaintiff proceeded a few steps towards the doors, and then slipped and fell forward (footage, 05:39-05:48). Sulay Garcia, a bank specialist with TD Bank, testified at her deposition

---

[1] Citations to "footage" shall mean the surveillance video produced by TD Bank from July 27, 2018, teller 3-4.

**158641/2019   SULIMA LOPEZ, MARIA vs. TD BANK, N.A.**                    **Page 1 of 5**
**Motion No.  003**

[* 1]

that she helped plaintiff stand up and guided her to a bench where plaintiff sat for a few minutes (footage, 06:00-06:40). Plaintiff testified that a bank employee approached plaintiff and stated that "[t]hat water was there all day long" (NYSCEF Doc No 50, 33:18-34:6).[2] Garcia testified that she did not make any statement to that effect, nor did she hear any other employee make a statement to that effect (NYSCEF Doc No 53, 53:4-14). Garcia also stated that she did not receive or hear of any complaints regarding the floor being wet before plaintiff's fall (NYSCEF Doc No 58).

Defendant now moves for summary judgment on the basis that it did not have actual or constructive notice of the alleged hazardous condition. Plaintiff opposes, arguing that defendant has not affirmatively established its lack of notice and noting that defendant has not indicated when the floors were last inspected and mopped before plaintiff's fall.

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material

---

[2] Plaintiff first stated that the employee who made this statement was a teller named Destiny, with whom she was acquainted (*id.*). However, the security footage reflects that the only people who approached plaintiff after her fall were Garcia, assistant manager Cheryl DiGiovanna, and the security guard on duty (footage, 05:48-09:58). However, after Garcia walked away, plaintiff appeared to speak with the tellers, including Destiny, from across the lobby (footage, 09:10-09:32; NYSCEF Doc No 65, 43:19-44:20 [Garcia identifying Destiny as one of the tellers in the video]).

**158641/2019   SULIMA LOPEZ, MARIA vs. TD BANK, N.A.**
**Motion No.  003**

**Page 2 of 5**

2 of 5

issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Defendant asserts that "plaintiff cannot establish that the alleged hazardous condition was visible and apparent, or that it existed for an appreciable amount of time to permit TD Bank to uncover it and remedy same" (NYSCEF Doc No 59). However, "it was not plaintiff's burden in opposing the motion for summary judgment to demonstrate, as defendant urges, that [defendant] had actual or constructive notice of the unsafe condition. Rather, it was the responsibility of defendant to establish the absence of notice as a matter of law" (*Colt v Great Atl. & Pac. Tea Co.*, 209 A.D.2d 294, 295 [1st Dept 1994]). Defendant has failed to make this affirmative showing (*McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609, 610 [2nd Dept 2011] ["This burden cannot be satisfied where, as here, the owner merely pointed to alleged gaps in the plaintiff's case, rather than affirmatively demonstrating the merit of its defense"]). Plaintiff testified that the floor was visibly wet when she entered the bank, and defendant has not indicated when the floor was last inspected and mopped before plaintiff's fall, as it was required

**158641/2019   SULIMA LOPEZ, MARIA vs. TD BANK, N.A.**
  **Motion No.  003**

**Page 3 of 5**

to do in order to establish its entitlement to judgment as a matter of law (*Rodriguez v Kwik Realty*, LLC, 216 AD3d 477, 478 [1st Dept 2023] ["defendants failed to make a prima facie showing that they lacked [] constructive notice [of the] slippery floor[], as they did not submit any evidence establishing when they last inspected the vestibule on the day of the accident"]).

Defendant also notes that: plaintiff's testimony that the floor was wet at the time of the incident is contradicted by Garcia's testimony; the video footage suggests that plaintiff's alleged encounter with Destiny, in which she said that "[t]hat water was there all day long," never occurred; and plaintiff's own umbrella could have been the source of the water that caused her fall (NYSCEF Doc No 59). Each of these points raise questions of fact and credibility, which are inappropriate for resolution on a summary judgment motion (*Evans v Acosta*, 169 AD3d 438, 439 [1st Dept 2019] ["conflicting testimony [presents] triable issues of fact and credibility precluding summary judgment"]; *Irizarry v 1915 Realty LLC*, 135 AD3d 411, 411-12 [1st Dept 2016] [reversing grant of summary judgment where triable issues of fact remained as to the cause of the slippery condition]; *Meridian*, 70 AD3d at 510-511).[3] Accordingly, defendant's motion for summary judgment will be denied.

## CONCLUSION

Based on the foregoing, it is

---

[3] Defendant's contention that plaintiff's case "relies entirely on [the] hearsay testimony [of] an unidentified bank employee" (NYSCEF Doc No 66) is inaccurate, as plaintiff also testified as to her own observation that the floor was wet (*Mermelstein v Singer*, 85 AD3d 440, 924 N.Y.S.2d 266 [1st Dept 2011] [hearsay evidence may be sufficient to bar summary judgment if it is not the only evidence submitted]).

ORDERED that defendant's motion for summary judgment dismissing the complaint is denied.

2024052015362PG0ETZ1548DEE5992514A61A52C39DFD28BD60B

| 5/20/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|----------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158641/2019   SULIMA LOPEZ, MARIA vs. TD BANK, N.A.**
**Motion No.  003**

**Page 5 of 5**

[* 5]