## Byrd v 162 Jamaica Realty LLC

2024 NY Slip Op 32307(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 160533/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ        PART           47

*Justice*

--------------------------------------------------------------------------X

ROBERT BYRD,

            Plaintiff,

- v -

162 JAMAICA REALTY LLC, JAMAICA CENTER
IMPROVEMENT ASSOCIATION, INC.,

            Defendants.

--------------------------------------------------------------------------X

JAMAICA CENTER IMPROVEMENT ASSOCIATION, INC.

            Plaintiff,

-against-

ATLANTIC MAINTENANCE CORPORATION

            Defendant.

--------------------------------------------------------------------------X

162 JAMAICA REALTY LLC

            Plaintiff,

-against-

JAMAICA EXPO, INC

            Defendant.

--------------------------------------------------------------------------X

JAMAICA CENTER IMPROVEMENT ASSOCIATION, INC.

            Plaintiff,

-against-

JAMAICA EXPO, INC.,

            Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160533/2020 |
| MOTION DATE | 02/15/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595734/2021

Second Third-Party
Index No. 595973/2021

Third Third-Party
Index No. 595872/2022

The following e-filed documents, listed by NYSCEF document number (Motion 002) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174

were read on this motion to/for          JUDGMENT - SUMMARY          .

In this trip and fall action, third-party defendant Atlantic Maintenance Corporation (Atlantic) moves for summary judgment dismissing plaintiff's complaint and all crossclaims and counterclaims as against it.

## BACKGROUND

On December 29, 2017, plaintiff was walking along a brick sidewalk at 162-04 Jamaica Avenue, Jamaica, NY 11432 (the premises) when he tripped and "came down hard on [his] leg, fell over, felt a pop in [his] knee, [and] was in excruciating pain" (NYSCEF Doc No 1, ¶ 47; NYSCEF Doc No 137, 28:10-16). After he fell, plaintiff "saw a hole in the ground, [and] saw the loose brick that [he] stepped on, and [] three to four bricks missing and the hole about 3 to 6 inches deep" (NYSCEF Doc No 137, 26:12-27:8).

162 Jamaica Realty LLC (Jamaica Realty) is the owner of the premises (NYSCEF Doc No 12) and Jamaica Center Improvement Association Inc. is a business improvement district manager (the BID) responsible for, *inter alia*, maintenance of the premises (NYSCEF Doc No 16). The BID filed a third-party action against Atlantic which includes causes of action for (i) common law indemnification, (ii) contractual indemnification, (iii) contribution, (iv) breach of contract, and (v) failure to procure insurance (NYSCEF Doc No 30) based on a maintenance agreement the two parties entered into, dated September 9, 2015 (NYSCEF Doc No 31).[1] The agreement provided that Atlantic would perform various maintenance services at the premises,

---

[1] Both defendants also filed third party complaints (NYSCEF Doc Nos 41, 66) against Jamaica Expo Inc. (Jamaica Expo), the tenant at the premises (NYSCEF Doc No 67).

including brick maintenance; specifically, Atlantic was directed to "[r]eset loose brick pavers," "notify BID of district's street and safety conditions, including . . . condition of brick pavers," and "provide minor brick repair upon request [though it] will only be liable for areas where [the BID had] repaired brick"] (*id.*).

Atlantic now moves for summary judgment dismissing plaintiff's complaint and all crossclaims and counterclaims asserted against it (NYSCEF Doc No 124) on the grounds that Atlantic had no duty to plaintiff pursuant to NYC Admin Code § 7-210 because it did not create or have notice of the hazardous condition alleged by plaintiff (NYSCEF Doc No 125). The BID opposes, arguing that there are triable issues of fact regarding Atlantic's liability based on its obligations under the maintenance agreement (NYSCEF Doc No 145). Plaintiff also opposes Atlantic's motion to the extent that it seeks to dismiss claims that plaintiff did not assert against it and argues that Atlantic had constructive notice of the hazardous condition (NYSCEF Doc No 153).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554

[1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

As an initial matter, as plaintiff correctly notes, Atlantic cannot seek summary judgment dismissing plaintiff's complaint because plaintiff did not name Atlantic as a direct defendant (*Kavanaugh v Kavanaugh*, 200 AD3d 1568, 1572 [4th Dept 2021]; *Matter of Coalition to Save Cedar Hill v Planning Bd. of Inc. Vil. of Port Jefferson*, 51 AD3d 666, 668 [2nd Dept 2008] [although one of the defendants "broadly framed their motion as one to dismiss the []complaint in its entirety, [it] did not have standing to seek dismissal of the eighth cause of action, which" was asserted only against a co-defendant]; see also *Wysocki v Kel-Tech Construction, Inc.*, 2005 NY Slip Op 30399[U], *3 n.1 [Sup Ct NY Co 2005] ["third-party defendants [lack] standing to move to dismiss plaintiffs' complaint as they are not named defendants"]). Accordingly, the part of Atlantic's motion for summary judgment seeking dismissal of plaintiff's complaint will be denied.

Atlantic also seeks the dismissal of "any and all crossclaims and counter claims asserted against it" (NYSCEF Doc No 125), yet Atlantic does not address, or even identify, any of those claims in its motion, focusing instead on its (lack of any) duty to plaintiff (*id.*).[2] Accordingly, the

---

[2] Like the BID's first third-party complaint against Atlantic, Jamaica Expo's answer to the second third-party complaint includes crossclaims against Atlantic for (i) contribution, (ii) common law indemnity, (iii) contractual indemnity, (iv) failure to obtain insurance coverage, and (v) breach of contract (NYSCEF Doc No 76).

**160533/2020   BYRD, ROBERT vs. 162 JAMAICA REALTY LLC**                                    **Page 4 of 5**
**Motion No.  002**

part of Atlantic's motion for summary judgment seeking dismissal of any counterclaims and

crossclaims against it will also be denied.

## CONCLUSION

Based on the foregoing, it is

ORDERED that Atlantic's motion is denied in its entirety.

20240708132102PGOETZ17F4C7EB00BA54950A49A8E53F8590392

**7/8/2024**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | [X] | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | [X] DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |