**Omari v Consolidated Edison Co. of N.Y. City, Inc.**

2024 NY Slip Op 33589(U)

October 9, 2024

Supreme Court, New York County

Docket Number: Index No. 156730/2016

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                          PART          47

                                                *Justice*

-----------------------------------------------------------------------------X

DANNY OMARI,

                         Plaintiff,

                 - v -

CONSOLIDATED EDISON COMPANY OF NEW YORK
CITY, INC.,

                         Defendant.

-----------------------------------------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK CITY,
INC.

                         Plaintiff,

                 -against-

THE CITY OF NEW YORK

                         Defendant.

-----------------------------------------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK CITY,
INC.

                         Plaintiff,

                 -against-

TRI-MESSINE CONSTRUCTION CO INC.

                         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156730/2016 |
| MOTION DATE | 09/29/2023, 10/12/2023 |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595140/2020

Second Third-Party
Index No. 595820/2021

The following e-filed documents, listed by NYSCEF document number (Motion 004) 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 154, 155, 177, 191, 192, 193, 194, 195, 196, 203

were read on this motion to/for                       SUMMARY JUDGMENT(AFTER JOINDER    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 147, 148, 149, 150, 151, 152, 153, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 199, 200, 201, 202, 204

were read on this motion to/for                       JUDGMENT - SUMMARY       .

**156730/2016   OMARI, DANNY vs. CONSOLIDATED EDISON COMPANY**                          **Page 1 of 6**
**Motion No.  004 005**

1 of 6

In motion sequence #4 of this trip and fall personal injury action, second-third party defendant, Tri-Messine Construction Co Inc. ("Tri-Messine") moves pursuant to CPLR § 3212 for summary judgment seeking an order dismissing defendant/second-third party plaintiff, Consolidated Edison Company of New York City, Inc.'s ("ConEd") second-third party complaint as against them. ConEd has three causes of action as against Tri-Messine, for (1) Indemnification; (2) Breach of Contract for a failure to procure insurance; and (3) Negligence.

In motion sequence #5, ConEd moves pursuant to CPLR § 3212 for summary judgment seeking an order dismissing plaintiff, Danny Omari's complaint as against them. Plaintiff has one cause of action for negligence as against ConEd. In the alternative, ConEd seeks summary judgment in their favor on the causes of action in the second-third party complaint as against Tri-Messine. ConEd also sought summary judgment for the causes of action in their third-party complaint as against the City of New York ("the City"), however, in a decision and order dated June 13, 2024, the City Part granted the City's motion for summary judgment (MS #6) and dismissed the complaint as against them, before the case and the instant motions were transferred to this Part (NYSCEF Doc No 209).

## BACKGROUND

On August 24, 2015 at around 4:30 PM plaintiff was leaving a shop on Flatbush Avenue in Brooklyn, NY (NYSCEF Doc No 181 at 13:12 – 14:13). Plaintiff testified that as he was crossing Flatbush Avenue, he was caused to fall when he stepped on and tripped over a manhole cover which was not leveled with the surrounding street (*id*. at 18:17 – 19:8). At his first deposition, plaintiff identified the manhole cover he allegedly tripped over as being across the street from 218 Flatbush Avenue (*id*. at 53:12 – 55:13; *see also* NYSCEF Doc No 134). The manhole cover identified by plaintiff is marked with the ConEd logo (NYSCEF Doc No 187).

**156730/2016   OMARI, DANNY vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  004 005**

Page 2 of 6

At her deposition, ConEd employee, Yesenia Campoverde testified that upon searching Department of Transportation records she identified two Corrective Action Requests ("CAR"), which are issued by the City to ConEd when it identifies defective conditions which need to be corrected involving ConEd property (NYSCEF Doc No 137 at 11:21 – 12:6). The two CARs were issued for the same defect, broken asphalt around a ConEd owned manhole cover, and indicated that the manhole cover in question was located at Flatbush Avenue and Bergen Street in Brooklyn (*id*. at 12:18 – 13:25).

Tri-Messine is a construction company that routinely does work for ConEd (NYSCEF Doc No 140 at 8:14 – 8:20). At his deposition, Tri-Messine President, Alfonso Messina, identified a work ticket issued by ConEd to Tri-Messine, which required it to perform paving work on Flatbush Avenue (*id*. at 12:8 – 15:23). Messina testified that the specific work ticket required Tri-Messine to excavate portions of the street up to five feet from the curb, while the manhole identified by plaintiff was nine feet from the curb (*id*. at 26:6 – 30:20).

## DISCUSSION

*Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material

**156730/2016   OMARI, DANNY vs. CONSOLIDATED EDISON COMPANY                    Page 3 of 6**
  **Motion No.  004 005**

[* 3]

issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

*Duty Owed to Plaintiff by ConEd (MS #4)*

ConEd argues that it did not owe a duty to the plaintiff because it did not perform any work at the location where plaintiff fell. ConEd argues that when plaintiff first served the Notice of Claim on the City in 2015, it did not mention a manhole, and the pictures included with the Notice of Claim do not show a manhole cover (NYSCEF Doc No 150).

"In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Pasternack v Lab. Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016]). 34 RCNY § 2-07(b) states, "[t]he owners of covers or gratings on a street are responsible for monitoring the condition of the covers, gratings and concrete pads installed around such covers or gratings and the area extending twelve inches outward from the edge of the cover, grating, or concrete pad, if such pad is installed."

**156730/2016   OMARI, DANNY vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  004 005**

**Page 4 of 6**

4 of 6

[* 4]

Here, there is a triable issue of fact as to where plaintiff's accident occurred and, thus whether ConEd had a duty to repair the injury causing defect. If, as plaintiff alleges in his deposition testimony, his injuries were caused by the uneven ground surrounding the ConEd owned manhole, then ConEd owed a duty to plaintiff, pursuant to their statutory responsibilities arising from 34 RCNY § 2-07(b). Here, viewing the evidence in the light most favorable to the plaintiff, ConEd has not made a *prima facie* showing that it did not owe a duty to plaintiff and its motion for summary judgment must be denied.

*ConEd's claims as against Tri-Messine (MS 4&5)*

ConEd argues that if it is held liable for the injuries suffered by plaintiff, then Tri-Messine must indemnify ConEd pursuant to their contract. Tri-Messine argues that the work it performed was not near the location where plaintiff's injury allegedly occurred so it is not required to indemnify ConEd.

The indemnification clause in the contract between ConEd and Tri-Messine states:

> 26. Indemnification. To the fullest extent allowed by law, Contractor agrees to defend, indemnify and hold harmless Con Edison and its affiliates (including, but not limited to, O&R) and their respective trustees, directors, officers, employees, agents, representatives, successors and assigns from and against all claims, damage, loss and liability, including costs and expenses, legal and otherwise, for injury to or the death of persons, or damage to property, including the property of Con Edison or O&R, and statutory or administrative fines, penalties or forfeitures resulting in whole or in part from, or connected with, the performance of the Work by Contractor any subcontractor or their respective agents, servants, employees or representatives, and including claims, loss, damage and liability arising from the partial or sole negligence of Con Edison or non-parties to the Contract (including, but not limited to, O&R).

(NYSCEF Doc No 40)

Tri-Messine is only required to indemnify ConEd from liability that stems from the performance of their work. Because, there is an issue of fact as to the exact location where

**156730/2016   OMARI, DANNY vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  004 005**

**Page 5 of 6**

5 of 6

[* 5]

plaintiff's injury occurred, it cannot be determined whether the injury was connected with the paving work performed by Tri-Messine. Therefore, both ConEd's and Tri-Messine's motions for summary judgment must be denied.

Accordingly it is,

ORDERED that ConEd's motion for summary judgment (MS# 5) is denied; and it is further

ORDERED that Tri-Messine's motion for summary judgment (MS #4) is denied.

20241009152902PG0ETZ17B4A5AFE4659355B9FB5AD348F556636

__10/9/2024__
__DATE__

__PAUL A. GOETZ, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156730/2016   OMARI, DANNY vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  004 005**

Page 6 of 6

[* 6]