## Arias v 728 Prop. Assoc. Inc.

2024 NY Slip Op 33804(U)

October 24, 2024

Supreme Court, New York County

Docket Number: Index No. 159811/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**                    PART                    47

*Justice*

-------------------------------------------------------------------------------X

ROSEMARIE ARIAS,

                           Plaintiff,

- v -

728 PROPERTY ASSOCIATES INC., AMG 181
QUICKSERVE LLC

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159811/2020 |
| MOTION DATE | 03/28/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79

were read on this motion to/for        SUMMARY JUDGMENT (AFTER JOINDER)        .

In this personal injury action arising from plaintiff's fall on the ramp entrance of a

Dunkin Donuts owned and operated by defendants, defendants move pursuant to CPLR § 3212

for summary judgment dismissing plaintiff's negligence action.

## BACKGROUND

On the morning of August 6, 2020, plaintiff stopped in the Dunkin Donuts located at 728

W 181st St, New York, NY 10033 (Dunkin), as she did "almost every other day" (NYSCEF Doc

No 56, 92:21-24). Because the entrance to Dunkin is elevated about one-foot above street level,

there is a cement ramp—covered in a black rubber mat and flanked by handrails—leading from

the sidewalk to the door (NYSCEF Doc No 48). Plaintiff approached with Dunkin on her right-

hand side. She testified that: she stepped onto the ramp/mat and walked about two steps; about

halfway up the ramp, she tripped on a part of the mat that was "folded in"; she tried to grab the

[* 1]

left handrail but could not grip it; and she fell to the ground, sustaining injuries (NYSCEF Doc No 56, 96:12-98:5, 102:2-9, 109:8-11).[1]

Defendants submitted video surveillance footage and still frames of the incident (NYSCEF Doc Nos 58-60). Plaintiff's feet, the ramp, and the mat are all out of frame, but it appears that plaintiff fell at the very base of the ramp, possibly before reaching the mat, rather than halfway up the ramp as she testified. Defendants also submitted the deposition testimony of Tahmina Akter, the operations manager for AMG 181 Quickserve LLC (NYSCEF Doc No 61), Asraful Nahar, the store manager of Dunkin (NYSCEF Doc No 62), and Fernando Ocana, property manager for 728 Property Associates Inc. (NYSCEF Doc No 63). Upon viewing the video footage, each of these deponents, who are familiar with the Dunkin entrance, testified that plaintiff could not have been positioned on top of the black mat at the time of her fall.

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

---

[1] Plaintiff's deposition shows uncertainty about the cause of her fall; she testified that the mat "probably" caused her to slip and fall but admitted that she did not know (*id.* at 100:2-13).

**159811/2020   ARIAS, ROSEMARIE vs. 728 PROPERTY ASSOCIATES INC.**                     **Page 2 of 4**
  **Motion No.  001**

[* 2]

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Defendants argue that plaintiff's negligence action must be dismissed because she failed to identify the cause of her fall, and therefore failed to identify any negligence on defendants' part (NYSCEF Doc No 45). Specifically, defendants assert that, while plaintiff testified that the black mat caused her fall, the evidence demonstrates that she had not yet reached the mat when she fell. Plaintiff argues that she "clearly testified that it was the folded mat on the ramp that was the cause of her fall," and defendants' position that it could not have been the cause of her fall, which is based on obscured video footage and speculative employee testimony, merely creates a credibility contest that cannot be resolved as a matter of law (NYSCEF Doc No 69).[2] Plaintiff also argues that defendants failed to demonstrate a lack of constructive notice of the alleged defective condition, or establish when the mat was last inspected before plaintiff's fall.

---

[2] Plaintiff also notes that defendants cite portions of plaintiff's deposition taken on September 15, 2022 (NYSCEF Doc No 55), which had to be cut short because plaintiff was feeling ill and drowsy; and that plaintiff was not served with the transcripts of any of her three depositions (NYSCEF Doc Nos 55-57), and therefore was not given an opportunity to review the transcripts for accuracy and supply an errata sheet. If "given an opportunity, [she] would have corrected the portions [of the September 15, 2022 transcript] where [she] described the mat as being ripped as [she] misspoke and wanted to describe the way that the mat was folded, bent and turned over when [she] tripped" (NYSCEF Doc No 75). For the purposes of this motion, the September 15, 2022 deposition will not be considered.

**159811/2020   ARIAS, ROSEMARIE vs. 728 PROPERTY ASSOCIATES INC.**                                             **Page 3 of 4**
**Motion No.  001**

[* 3]

There is a question of fact as to whether plaintiff tripped due to a fold in the mat because her testimony and affirmation (NYSCEF Doc No 75), are unclear and contradictory at times, and this question is not completely dispelled by defendants' video footage, as it does not fully depict the accident. Additionally, defendants' witnesses did not see the accident first-hand; they merely surmise from the footage that plaintiff could not have been on the mat. As noted *supra*, "[t]he court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to . . . assess credibility" (*Meridian Mgmt. Corp.*, 70 AD3d at 510-511). On the evidence submitted, it cannot be determined as a matter of law that defendants were free of negligence. Accordingly, defendants' motion for summary judgment dismissing plaintiff's negligence action will be denied.

## CONCLUSION

Based on the foregoing, it is

ORDERED that defendants' motion is denied.

2024102414162ZPG0ETZ108AB8D8279794F6D833A11971E733AC3

| | |
|---|---|
| **10/24/2024** | |
| **DATE** | **PAUL A. GOETZ, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |