█ Michael J. Gusek, Appellant, v Compass Transportation Corporation et al., Respondents. [697 NYS2d 886] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on the issue of liability. " 'To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury' " (*Howard v Poseidon Pools*, 72 NY2d 972, 974, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *see also, Culkin v Parks & Recreation Dept.*, 168 AD2d 912, 913, *lv denied* 77 NY2d 806). Although the trier of fact usually determines legal cause, " 'where only one conclusion may be drawn from the established facts * * * the question of legal cause may be decided as a matter of law' " by the court (*Howard v Poseidon Pools, supra*, at 974, quoting *Derdiarian v Felix Contr. Corp., supra*, at 315; *see, Di Ponzio v Riordan*, 224 AD2d 139, 143, *affd* 89 NY2d 578). Whether the issue is the negligence of the defendant or the

contributory negligence of the plaintiff, the test is whether there is a valid line of reasoning and permissible inferences that could possibly lead a rational person to the conclusion of negligence based on the evidence. "If no such 'valid line of reasoning' exists, it is proper for the trial court to make a legal determination without resorting to the fact-finding function of the jury" (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 517).

Plaintiff met his burden of establishing that the actions of defendant Ryan S. Adkins were a substantial cause of the accident (*see, Howard v Poseidon Pools, supra,* at 974) and further that Adkins's actions were the sole proximate cause of the accident (*see, Hanover Ins. Co. v Washburn,* 219 AD2d 773, 774). In opposition, defendants failed to raise a triable issue of fact. Defendants contend that plaintiff was contributorily negligent because he was working with his back toward traffic and had no co-workers around to warn him of approaching vehicles. Not only is that an entirely speculative argument (*see, Hanover Ins. Co. v Washburn, supra,* at 774), it fails to take into account how the accident occurred. There is no valid line of reasoning that could lead a rational person to the conclusion that plaintiff's conduct was a proximate cause of the accident (*see, Andre v Pomeroy,* 35 NY2d 361, 364; *see also, Hyland v Calace,* 244 AD2d 318). Because only one conclusion may be drawn from the established facts, the court should have granted plaintiff's motion for summary judgment on the issue of liability (*see, Howard v Poseidon Pools, supra,* at 974).

Furthermore, no triable issue of fact was raised with respect to the liability of defendants Compass Transportation Corporation and Compass Enterprises, Inc. As owners of the tractor-trailer driven by Adkins, they are vicariously liable for his negligence (*see,* Vehicle and Traffic Law § 388 [1]). Likewise, no triable issue of fact was raised with respect to the liability of defendant G.D. Leasing of Indiana, Inc. (G.D. Leasing), Adkins's employer. Under the doctrine of respondeat superior, G.D. Leasing is vicariously liable for acts of negligence committed by Adkins while Adkins was acting within the scope of his employment (*see, Riviello v Waldron,* 47 NY2d 297, 302; *County of Monroe v AFSCME, Council 82,* 90 AD2d 968). "While the question of whether an employee was acting within the scope of his employment so as to hold the employer vicariously liable is ordinarily one of fact for the jury's determination * * * summary judgment is nevertheless appropriate where[, as here,] the facts are not in dispute and conflicting inferences do not arise from those facts" (*Kelleher v State Mut. Life Assur. Co.,* 51 AD2d 872, 873, *lv denied* 39 NY2d 709). (Appeal from Order

of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.