█ Jerzy Zamajtys et al., Respondents, v Marian Cholewa, Individually and Doing Business as Amar Electric, et al., Appellants. [924 NYS2d 163]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated April 29, 2009, as denied those branches of the motion of the defendants Marian Cholewa, individually, and Marta Cholewa, and the separate motion of the defendant Marian Cholewa, do-

ing business as Amar Electric, which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) insofar as asserted against them. The appeal brings up for review so much of an order of the same court dated December 18, 2009, as, upon reargument, adhered to the determination in the order dated April 29, 2009 (*see* CPLR 5517 [b]).

Ordered that the appeal by the defendants Marian Cholewa, individually, and Marta Cholewa from so much of the order dated April 29, 2009, as denied that branch of the motion of the defendant Marian Cholewa, doing business as Amar Electric, which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) insofar as asserted against it is dismissed, as those defendants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendant Marian Cholewa, doing business as Amar Electric, from so much of the order dated April 29, 2009, as denied that branch of the motion of the defendants Marian Cholewa, individually, and Marta Cholewa which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) insofar as asserted against them is dismissed, as that defendant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the remaining appeal from the order dated April 29, 2009, is dismissed, as that order was superseded by the order dated December 18, 2009, made upon reargument; and it is further,

Ordered that the order dated December 18, 2009, is reversed insofar as reviewed, on the law, and, upon reargument, those branches of the motion of the defendants Marian Cholewa, individually, and Marta Cholewa, and the separate motion of the defendant Marian Cholewa, doing business as Amar Electric, which were for summary judgment dismissing so much of the complaint alleged a violation of Labor Law § 241 (6) insofar as asserted against them is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff Jerzy Zamajtys (hereinafter the injured plaintiff) allegedly was injured while performing renovations to add a second floor to a building located on property owned by the defendants Marian Cholewa and Marta Cholewa (hereinafter together the Cholewas), and utilized by Marian Cholewa's business, Amar Electric. The injured plaintiff alleged that, as he was measuring a door frame on the second floor, a group of 20

eight-foot long metal studs stacked against sheetrock, which was itself leaning on an unfinished wall frame, fell, and a metal stud struck his eye. The injured plaintiff and his wife, suing derivatively (hereinafter together the plaintiffs), commenced this action against Marian Cholewa, individually, Marta Cholewa, and Marian Cholewa, doing business as Amar Electric, alleging, inter alia, a violation of Labor Law § 241 (6). The Cholewas and Marian Cholewa, doing business as Amar Electric, separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, denied those branches of the defendants' separate motions which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) insofar as asserted against them.

Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors to " 'provide reasonable and adequate protection and safety for workers' " (*Misicki v Caradonna*, 12 NY3d 511, 515 [2009], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). " 'In order to recover damages on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards' " (*La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1125 [2010], quoting *Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005 [2009]). Here, the plaintiffs alleged violations of 12 NYCRR 23-1.8 (a) and 23-2.1 (a).

The defendants established, prima facie, that 12 NYCRR 23-1.8 (a), which requires the provision of eye protection equipment to workers engaged in certain activities, was inapplicable because the injured plaintiff was not engaged in any of those activities when the accident occurred or in "any other operation which may endanger the eyes" (12 NYCRR 23-1.8 [a]). The defendants also demonstrated, prima facie, the inapplicability of 12 NYCRR 23-2.1 (a), which relates to "[s]torage of material and equipment," and requires, inter alia, that "[m]aterial piles shall be stable under all conditions." The defendant submitted the injured plaintiff's deposition testimony indicating that, at the time of the accident, his coworkers were installing the metal studs at issue. Therefore, the defendant established that 12 NYCRR 23-2.1 (a) (1) was inapplicable because the material that allegedly caused the injured plaintiff's injuries "was not being 'stored' but was in use" at the time of the accident (*Castillo v Starrett City*, 4 AD3d 320, 321 [2004]; *see Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260 [2008]; *Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 272 [2007]; *Mc-*

*Laughlin v Malone & Tate Bldrs., Inc.*, 13 AD3d 859, 861 [2004]).

Accordingly, upon reargument, those branches of the Cholewas' motion and the separate motion of the defendant Marian Cholewa, doing business as Amar Electric, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them should have been granted.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.