[960 NE2d 948, 937 NYS2d 157]

Luis F. Ortiz, Appellant, v Varsity Holdings, LLC, et al., Respondents.

Argued November 14, 2011; decided December 20, 2011

**POINTS OF COUNSEL**

*Law Office of Richard Paul Stone*, New York City (*Richard Paul Stone* of counsel), and *Law Offices of Albert Zafonte Jr. & Associates*, Uniondale (*Albert Zafonte Jr.* of counsel), for appellant. Plaintiff is entitled to partial summary judgment of liability because his employer failed to provide him a safe place to work and he was caused to fall through an elevation differential by a gravity-related hazard. (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599; *Toefer v Long Is. R.R.*, 4 NY3d 399; *Monterroza v State Univ. Constr. Fund*, 56 AD3d 629; *Georgopulos v Gertz Plaza, Inc.*, 13 AD3d 478; *Bush v Goodyear Tire & Rubber Co.*, 9 AD3d 252; *Bond v York Hunter Constr.*, 95 NY2d 883; *Dilluvio v City of New York*, 95 NY2d 928.)

*Rebore, Thorpe & Pisarello, P.C.*, Farmingdale (*Timothy J. Dunn III* and *Michelle S. Russo* of counsel), for respondents. I.

Plaintiff's accident was not the result of a hazard contemplated by Labor Law § 240 (1). (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914; *Melo v Consolidated Edison Co. of N.Y.,* 92 NY2d 909; *Hargobin v K.A.F.C.I. Corp.,* 282 AD2d 31; *Toefer v Long Is. R.R.,* 4 NY3d 399; *Perez v Bronx Park S. Assoc.,* 285 AD2d 402, 97 NY2d 610; *Berg v Albany Ladder Co., Inc.,* 10 NY3d 902; *Bond v York Hunter Constr.,* 95 NY2d 883; *Melber v 6333 Main St.,* 91 NY2d 759.) II. Plaintiff is not entitled to partial summary judgment.

*Fiedelman & McGaw,* Jericho (*Andrew Zajac* and *Dawn C. DeSimone* of counsel), *Rona L. Platt,* Uniondale, *Brendan T. Fitzpatrick,* Albertson, and *Julian Ehrlich,* Jericho, for Defense Association of New York, Inc., amicus curiae. The exceptional protection of Labor Law § 240 (1) does not apply to plaintiff's fall from a ground-level dumpster. (*Toefer v Long Is. R.R.,* 4 NY3d 399; *Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Martinez v City of New York,* 93 NY2d 322; *Berg v Albany Ladder Co., Inc.,* 10 NY3d 902; *Monterroza v State Univ. Constr. Fund,* 56 AD3d 629; *Bush v Goodyear Tire & Rubber Co.,* 9 AD3d 252; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280.)

*Nicholas I. Timko,* New York City, *David L. Scher* and *Brian J. Shoot* for New York State Trial Lawyers Association, amicus curiae. I. The extraordinary elevation-related hazards of Luis F. Ortiz's work, and not its incidental relation to a ground-level dumpster, should inform this Court's Labor Law § 240 (1) analysis. (*Holly v County of Chautauqua,* 13 NY3d 931; *Swiderska v New York Univ.,* 10 NY3d 792; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Runner v New York Stock Exch., Inc.,* 13 NY3d 599; *Dooley v Peerless Importers, Inc.,* 42 AD3d 199; *Donohue v CJAM Assoc., LLC,* 22 AD3d 710; *Bradley v Morgan Stanley & Co., Inc.,* 21 AD3d 866; *De Jara v 44-14 Newtown Rd. Apt. Corp.,* 307 AD2d 948; *Danielewski v Kenyon Realty Co.,* 2 AD3d 666.) II. The "falls from trucks" cases, relied upon by defendants-respondents, actually demonstrate why Labor Law § 240 (1) should apply to protect a worker such as Luis F. Ortiz. (*Toefer v Long Is. R.R.,* 4 NY3d 399; *Bond v York Hunter Constr.,* 95 NY2d 883; *Berg v Albany Ladder Co., Inc.,* 10 NY3d 902; *Dilluvio v City of New York,* 95 NY2d 928; *Lavore v Kir Munsey Park*

*020, LLC*, 40 AD3d 711; *Santoro v New York City Tr. Auth.*, 302 AD2d 581; *Amantia v Barden & Robeson Corp.*, 38 AD3d 1167.) III. Where, as here, a worker is engaged in an elevated activity that triggers Labor Law § 240 (1)'s protections, yet is provided no safety device at all, partial summary judgment is appropriate against the owner/contractor. (*Felker v Corning Inc.*, 90 NY2d 219; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Bland v Manocherian*, 66 NY2d 452.)

**OPINION OF THE COURT**

PIGOTT, J.

Plaintiff Luis F. Ortiz was injured while engaged in demolition work at an apartment building being renovated in Brooklyn. The property was owned by defendant Varsity Holdings, LLC and managed by defendant Mag Realty Corp. Ortiz and his coworkers were taking debris from the building and placing it in a dumpster outside. According to Ortiz, the dumpster was about six feet high, eight feet wide, and 14 feet long. The ledge at the top of the dumpster was about eight inches in width.

After several hours of work, the dumpster was filling up, and Ortiz and his colleagues climbed up it, using footholds built into the side, and began to rearrange the debris inside to make more room. It started to rain, making the surface of the dumpster slippery. Ortiz was injured when, while holding a wooden beam and standing at the top of the dumpster, with at least one foot on the narrow ledge, he lost his balance and fell to the ground.*

Ortiz commenced this action, claiming violations of Labor Law §§ 200, 240 (1), and § 241 (6). Defendants moved for summary judgment as to all of plaintiff's Labor Law claims. Ortiz cross-moved for summary judgment on his Labor Law § 240 (1) claim, insisting that defendants should have provided a scaffold to prevent his fall. In his affidavit in support of his cross motion and in opposition to defendants' motion, Ortiz stated that the task he was instructed to carry out required him to stand on the eight-inch ledge while placing heavy debris in open areas of the dumpster.

Supreme Court granted defendants' motion, and denied Ortiz's cross motion. On appeal, Ortiz challenged the dismissal of his section 240 (1) cause of action, and the denial of his cross

---

* In his deposition testimony, Ortiz recalled that he had one foot on the ledge and one foot on the garbage in the dumpster. In his affidavit in opposition to defendants' motion and in support of his cross motion, Ortiz stated that both feet were on the ledge.

motion on that claim. The Appellate Division affirmed, simulta-neously granting Ortiz leave to appeal to this Court and certifying the question whether its order was properly made (75 AD3d 538 [2010]). We now modify.

Defendants and amicus the Defense Association of New York argue that, as a matter of law, the task Ortiz was performing—loading a dumpster and rearranging the debris therein—did not create an elevation-related risk of the kind that the safety devices listed in Labor Law § 240 (1) protect against. Defendants cite *Toefer v Long Is. R.R.* (4 NY3d 399 [2005]), noting our holding that "[a] four-to-five-foot descent from a flatbed trailer or similar surface does not present the sort of elevation-related risk that triggers Labor Law § 240 (1)'s coverage" (*id.* at 408).

It is true that courts must take into account the practical differences between "the usual and ordinary dangers of a construction site, and . . . the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (*id.* at 407, quoting *Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]). A worker may reasonably be expected to protect himself by exercising due care in stepping down from a flatbed truck. However, the present case, with the facts considered in the light most favorable to the non-moving party, is distinguishable from *Toefer*. Ortiz's particular task of rearranging the demolition debris and placing additional debris in the dumpster, as he describes it, required him to stand at the top of the dumpster, six feet above the ground, with at least one foot perched on an eight-inch ledge. Moreover, defendants failed to adduce any evidence demonstrating that being in a precarious position such as this was not necessary to the task. Nor do defendants demonstrate that no safety device of the kind enumerated in section 240 (1) would have prevented his fall.

On this record, therefore, we cannot say as a matter of law that equipment of the kind enumerated in section 240 (1) was not necessary to guard plaintiff from the risk of falling from the top of the dumpster. Consequently, defendants have not demonstrated entitlement to summary judgment.

However, we agree with defendants that Ortiz's cross motion for summary judgment was properly denied. To recover under section 240 (1), Ortiz must establish that he stood on or near the ledge at the top of the dumpster because it was necessary to do so in order to carry out the task he had been given (*see Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]).

Ortiz failed to adduce evidence, through testimony or other means, to establish what he asserted in his affidavit—that he was required to stand on or near the ledge. While that assertion is enough, in the context of this case and without contradictory evidence from defendants, for plaintiff to ward off summary judgment, it is not sufficient by itself for plaintiff to win summary judgment.

Moreover, to prevail on summary judgment, plaintiff must establish that there is a safety device of the kind enumerated in section 240 (1) that could have prevented his fall, because "liability is contingent upon . . . the failure to use, or the inadequacy of" such a device (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Because this too is a triable issue of fact, plaintiff is not entitled to summary judgment.

Viewing the facts in the light most favorable to defendants, as we must when we consider plaintiff's summary judgment motion, a question of fact remains regarding whether the task Ortiz was expected to perform created an elevation-related risk of the kind that the safety devices listed in section 240 (1) shield workers from.

Accordingly, the order of the Appellate Division should be modified, without costs, by denying defendants' motion for summary judgment as to plaintiff's Labor Law § 240 (1) cause of action, and, as so modified, affirmed, and the certified question should not be answered as unnecessary.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order modified, etc.