Ramones v 425 County Rd., LLC (2023 NY Slip Op 03489)

Ramones v 425 County Rd., LLC

2023 NY Slip Op 03489

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-04627
 (Index No. 70566/14)

[*1]Sandro Ramones, appellant, 
v
425 County Road, LLC, et al., respondents, et al., defendant (and a third-party action).

Ronai & Ronai, LLP (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Christopher J. Power of counsel), for respondent 425 County Road, LLC.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and James P. Gilroy of counsel), for respondent Farrell Building Company, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated June 11, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants 425 County Road, LLC, and Farrell Building Company, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of them, and denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against each of those defendants.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendants 425 County Road, LLC, and Farrell Building Company, Inc., which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them, and substituting therefor provisions denying those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when loading equipment owned by his employer, Cedar Design, Inc. (hereinafter CDI), including scaffolds, poles, boards, and ladders, onto the roof of CDI's van. The equipment was used by the plaintiff and other CDI employees to perform roofing and shingling work at a building owned by the defendant 425 County Road, LLC. The defendant Farrell Building Company, Inc., was the general contractor for the renovation of the building and hired CDI to perform roofing and siding work. Attempting to tie down the equipment with rope, the plaintiff was on top of the equipment on the roof of the van when the ladders slipped off, and he and the ladders fell to the ground.
The complaint set forth cases of action alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). 425 County Road, LLC, and Farrell Building Company, Inc. (hereinafter together the defendants), separately moved, inter alia, for summary judgment dismissing [*2]the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of them. The plaintiff cross-moved, among other things, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of the defendants. The Supreme Court, inter alia, granted those branches of the defendants' separate motions, and denied those branches of the plaintiff's cross-motion. The plaintiff appeals.
"Labor Law § 240(1) provides special protection to those engaged in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880, quoting Labor Law § 240[1]). The question of whether a particular activity falls within Labor Law § 240(1) must be determined "on a case-by-case basis, depending on the context of the work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 883). Labor Law § 240(1) applies where there is a "significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). But "[n]ot every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1)" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "[C]ourts must take into account the practical differences between the usual and ordinary dangers of a construction site, and . . . the extraordinary elevation risks envisioned by Labor Law § 240(1)" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [internal quotation marks omitted]). The statute's protection "[is] limited to . . . those types of accidents in which the scaffold, hoist, stay, [and] ladder or other protective device [has] proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501).
Here, the defendants' submissions failed to demonstrate, as a matter of law, that the plaintiff's activity in removing equipment from the worksite and loading it onto the van was not performed as part of the larger renovation project that CDI had been hired to complete on the premises, including roofing and shingling work. The plaintiff's role in removing the equipment after it had been used by the plaintiff and his CDI colleagues was an act "ancillary" to the alteration of the structure at the property, and protected under Labor Law § 240(1) (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 882; see Saint v Syracuse Supply Co., 25 NY3d 117, 125-126; Hensel v Aviator FSC, Inc., 198 AD3d 884, 886; Bonilla-Reyes v Ribellino, 169 AD3d 858, 860).
The defendants also failed to adduce any evidence demonstrating that climbing on the roof of the van was not necessary to the task of securing the equipment on the roof, nor did they demonstrate that no safety device enumerated in Labor Law § 240(1) would have prevented the plaintiff's fall. Accordingly, on this record, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them (see Ortiz v Varity Holdings, LLC, 18 NY3d at 339), and the Supreme Court should have denied those branches of the defendants' separate motions which were for summary judgment dismissing that cause of action insofar as asserted against each of them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants. To recover under Labor Law § 240(1), the plaintiff was required to establish that he was on top of the van because it was necessary to do so in order to carry out the task he had been given and "that there is a safety device of the kind enumerated in section 240(1) that could have prevented his fall, because 'liability is contingent upon . . . the failure to use, or the inadequacy of' such a device" (Ortiz v Varsity Holdings, LLC, 18 NY3d at 340, quoting Narducci v Manhasset Bay Assoc., 96 NY2d at 267). The plaintiff's submissions showed the existence of a triable issue of fact as to whether his fall resulted from the lack of an adequate safety device (cf. Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904).
The Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them. Labor Law § 241(6) requires owners and contractors to provide reasonable and adequate protection and safety for workers and "to comply [*3]with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501-502). The Industrial Code provision the plaintiff relies upon, 12 NYCRR 23-1.7)(f), has no application under the facts presented. That provision states, in relevant part, that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground" (id.). Under the circumstances, the roof of the van was not a working level above ground requiring a stairway, ramp, or runway under that section (see Harrison v State of New York, 88 AD3d 951, 953; Lavore v Kir Munsey Park 020, LLC, 40 AD3d 711, 713).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court