Gonzalez v Seymour (2024 NY Slip Op 50960(U))

[*1]

Gonzalez v Seymour

2024 NY Slip Op 50960(U)

Decided on July 26, 2024

Supreme Court, Washington County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 26, 2024
Supreme Court, Washington County

Christopher B. Gonzalez, Plaintiff,

against
Alfred W. Seymour, Jr., WARREN W. FANE, INC., VERIZON COMMUNICATIONS, INC. and VERIZON NEW YORK, INC., Defendants.

Index No. EC2020-31928

Robert A. Becher, Albany for plaintiff.
Law Offices of John Wallace, Hartford, CT (Fatima M. Sorbo of counsel) for Defendants Alfred W. Seymour, Jr. and Warren W. Fane, Inc.
Goldberg Segalla, LLP, Buffalo (William H. Hython and Aaron M. Schiffrik of counsel) for Defendants Verizon Communications, Inc. and Verizon New York, Inc.

Robert J. Muller, J.

This is a negligence action seeking damages for bodily injuries allegedly sustained by plaintiff in an incident that occurred on June 12, 2018, near 788 Hudson River Road, in the Town of Halfmoon, Saratoga County, New York.
It is alleged the plaintiff was injured when debris that was attached to a wire became dislodged from a vacant building at this location and struck the plaintiff in the leg, causing injuries. The wire has been described by defendant Alfred W. Seymour, Jr. (hereinafter Seymour) at the time of the encounter as three feet above ground and perpendicular to the roadway precisely where he was operating his employer's 2005 Kenworth truck. The truck included an attached Dorsey dump trailer with a tarp system for covering loads in transit. The employer was co-defendant Warren F. Fane, Inc. (hereinafter Fane).
Seymour's assignment this day was to transport "dirty dirt" from Starbuck Island to the Finch Landfill in Gansevoort. Earlier that day, while enroute to Gansevoort with a load, he passed by the adjacent property and observed the plaintiff operating a skid steer and clearing debris. Seymour has also testified he had driven this same truck down this road only an hour or so beforehand and was able to drive through the area without incident.
On his return trip Seymour was traveling by this same Hudson River Road location at approximately 40 - 45 mph when he heard a snap and witnessed a wire come across his windshield, traveling over the front of the grille, across the hood, over the windshield and over the top of the cab of his truck. As noted he has testified that the wire had been approximately 3 feet off the ground when his truck contacted with it. 
At the time of Seymour's return trip the plaintiff was still working alone at the property, [*2]removing tires and wood pallets and seated in the skid steer when he heard a whipping sound followed by an explosion. The door of the skid steer shattered, and plaintiff noticed his leg was injured and described a board with nails and bolts attached to a cable as having caused his injury. Plaintiff has testified that he did not know how the incident occurred, did not know the height of the wire prior to the incident, did not witness Seymour driving the Fane truck down the road prior to the incident, and did not witness the truck come in contact with the wire. 
It was shortly after that the plaintiff noticed Seymour for the first time. The truck was stopped approximately 200 feet from the plaintiff who could see Seymour unwrapping a cable - entangled in the area of the tarp - which was still connected to a telephone pole on the opposite side of the road.
Seymour makes an assumption that plaintiff's activities somehow dislodged the wire from the building causing it to drop to the three foot level where it met with the front of his truck. This belief is informed by the testimony of Michael MacNaughton, a co-employee of Fane who, after the incident, observed marks on the bumper of the Fane truck presumably created by the wire. This co-employee also observed damage to the visor and smokestack which he believed were consistent with Seymour's description of the events unfolding at the time of this incident. 
Without evidence to support their conjecture co-defendants, Verizon Communications, Inc. and Verizon New York, Inc. (hereinafter Verizon) assert that Seymour either raised the tarp arm on the truck that he was driving, which caused it to come into contact with the wire in question; or (2) plaintiff somehow caused the wire to become lowered and caused the dump truck to come into contact with it. There is no documentary or testimonial evidence in this record that attributes fault to Verizon, and there is nothing presented in the record by any party which raises a triable issue of fact as to such liability. 
Presently before the Court are two summary judgment motions — that of (1)Verizon and, (2) Seymour and Fane. It is a well-settled precedent that in order to carry the burden of proving a prima facie case for negligence, "the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury." Gusek v. Compass Transp. Corp., 266 AD2d 923 [4th Dep't 1999]; see also Howard v Poseidon Pools, 72 NY2d 972, 974 [1988]; Culkin v Parks & Recreation Dept., 168 AD2d 912, 913 [4th Dep't 1990]. "Whether the issue is the negligence of the defendant or the contributory negligence of the plaintiff, the test is whether there is a valid line of reasoning and permissible inferences that could possibly lead a rational person to the conclusion of negligence based on the evidence. If no such 'valid line of reasoning' exists, it is proper for the trial court to make a legal determination without resorting to the factfinding function of the jury." Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 517 [1980]. 
These rules are addressed ad seriatim. VERIZON
In the second amended summons and complaint plaintiff generically cites one cause of action, negligence, as against all defendants in this matter. Specifically, however, as to Verizon, plaintiff amplifies as follows:
34. Upon information and belief, at all relevant times, the telephone line referenced above was owned, and/or maintained, by Verizon Communications.
35. Upon information and belief, at all relevant times, the telephone line referenced above was owned, and/or maintained by Verizon New York.
37. At all relevant times, Verizon Communications had a duty to maintain the telephone wire referenced above and to ensure that it was positioned at a proper height so that vehicles could safely travel under said wire.
38. At all relevant times, Verizon New York had a duty to maintain the telephone wire referenced above and to ensure that it was positioned at a proper height so that vehicles could safely travel under said wire.
42. Verizon Communications was negligent by permitting the telephone wire to hang at such a low distance above a public street.
43. Verizon New York was negligent by permitting the telephone wire to hang at such a low distance above a public street.
To impose liability upon a defendant based on a theory of negligence where a condition is at issue plaintiff must establish that the defendant either created the dangerous condition that caused the accident, or had actual or constructive notice of the dangerous condition. Wolf v. Lecor Constr. Inc., 175 AD3d 927 [4th Dep't 2019]. Likewise, to rebut a defendant's prima facie showing, plaintiff must establish that the hazardous condition was visible, apparent, and existed for a sufficient length of time before the accident for the defendant to discover and remedy it. Gordon v. American Museum of Natural History, 67 NY2d 836, 501 N.Y.S.2d 646 [1986]; see also Negri v. Stop & Shop, Inc., 65 NY2d 625.
As the record makes clear — in the hours prior to the incident - the wire was of a sufficient height to permit Seymour's safe passage with no evident defective or dangerous conditions. Similarly, on these specific pre-incident and uncontroverted facts it would be unreasonable to conclude as a matter of law that Verizon could have had actual notice of whatever immediate or intervening acts contributed to the contact between the truck and the overhead wire. With that conclusion there also follows that there is no evidence presented to suggest Verizon should have reasonably been on constructive notice of a defective or dangerous condition. There is nothing to indicate how long the condition existed prior to the incident.
There is no evidence of any previous incidents involving the wire in question. Plaintiff has testified he had observed other full-sized trucks travel under the wire without issue, and Seymour has testified he uneventfully drove the same truck beneath the subject wire approximately one hour before the incident. This last undisputed fact repudiates any chance Verizon had actual or reasonable constructive notice of a dangerous condition.
Verizon has met its burden of proof with this prima facie showing of entitlement to summary judgment. It is thus incumbent upon the plaintiff to come forth with admissible evidence demonstrating facts sufficient to warrant denial of summary judgment. Plaintiff's opposition consists of the submission of the deposition testimony of a Verizon representative that this wire was required to be installed 15 feet, 6 inches above the roadway. There is no indication it was not — or that it was at any different height at all. This witness also reports that review of Verizon's records found no evidence of reports of low wires at any time. The plaintiff thus fails to come forth with any evidence to rebut Verizon's entitlement to judgment in its favor.
SEYMOUR
A co-employee testified that Seymour reported the following:
A. He told me that there was a low hanging phone line that he had hit with his bumper, and when he hit the phone line it came up and hit other parts of our truck, and I believe he said it was severed when it hit the windshield visor, and that when it severed, you know, part of the whatever was holding the phone line up on the building had broke and hit the skid steer.
And Seymour has testified as follows:
Q. Well, let me ask you this. When you hit it did you see it fall or had it already fallen?
A. No, no, no. On the right-hand side of the truck I didn't see the wire. The wire was down below the truck on the right-hand side about three foot off of the road and that's when I hit it. Q. Did you see the wire before you hit it?
A. No, I didn't see the wire.
Q. When was the first time you saw the wire? A. When I picked it up off the road after I hit it.
Q. And that was after you stopped the truck?
A. Yeah. I had to pull off to the side of the road . . . Assuming arguendo that these defendants have made their prima facie showing of entitlement to summary judgment the Court would find this sufficiently rebutted by the plaintiff's own testimony that shortly after the accident he was able to observe that the trailer tarp "wasn't sitting down like it should have been, flat against the head of the rig or the cab protector, it was up, kind of like twisted. It was up off the box."
On a motion for summary judgment, facts must be viewed "in the light most favorable to the non-moving party" (Ortiz v. Varsity Holdings, LLC 18 NY3d 335, 339, 937 N.Y.S.2d 157, 960 N.E.2d 948 [2011]). Summary judgment is a drastic remedy, to be granted only where the moving party has "tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v. Prospect Hosp.,68 NY2d 320, 324, 508 N.Y.S.2d 923, 501 N.E.2d 572 [1986]) and then only if, upon the moving party's meeting of this burden, the non-moving party fails "to establish the existence of material issues of fact which require a trial of the action"(id.). The moving party's "[f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion regardless of the sufficiency of the opposing papers (id.) [emphasis added] ).
It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof) (see Sillman v. Twentieth Century—Fox Film Corp.,3 NY2d 395, 404, 165 N.Y.S.2d 498, 144 N.E.2d 387 [1957] [noting that in deciding a motion for summary judgment " 'issue-finding, rather than issue-determination, is the key to the procedure' "] [citation omitted]).
There is a material factual dispute in this case over the position of the tarp above the defendant's trailer in the moments before there was contact with the telephone wire. It may very well be that physical evidence of the tractor damage will respond to the question but such inquiries rest with the finder of fact and not this Court.
Having thus considered NYSCEF document Nos. 99 through 132 and 140 through 148 and oral argument having been heard on July 23, 2024 with Robert A. Becher, Esq. appearing on [*3]behalf of plaintiff, Fatima M. Sorbo, Esq. appearing on behalf of defendants Alfred W. Seymour, Jr. and Warren W. Fane, Inc. and Aaron Schiffrik, Esq. appearing on behalf defendants Verizon Communications, Inc. and Verizon New York, Inc. it is hereby
ORDERED that defendants Verizon Communications, Inc. and Verizon New York, Inc., motion for summary judgment is granted in its entirety and it is further,
ORDERED that the summary judgment motion of defendants, Alfred W. Seymour, Jr and Warren F. Fane, Inc, is denied in its entirety.
The above constitutes the Decision and Order of this Court.
The original of this Decision and Order has been filed by the Court. Counsel for defendant Verizon is directed to serve all parties with notice of entry. 
Dated: July 26, 2024
Lake George, New York
ROBERT J. MULLER, J.S.C.
ENTER: