**Carreno v Chelsea Leaf S. Hous. Dev. Fund Corp.**

2024 NY Slip Op 34317(U)

December 6, 2024

Supreme Court, New York County

Docket Number: Index No. 155542/2017

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-------------------------------------------------------------------------------X

JOEL OSWALDO RUIZ CARRENO,

Plaintiff,

- v -

CHELSEA LEAF SOUTH HOUSING DEVELOPMENT
FUND CORPORATION, EIGHTH AND SEVENTH GP
LLC,CHATEAU GC LLC,

Defendant.

-------------------------------------------------------------------------------X

CHELSEA LEAF SOUTH HOUSING DEVELOPMENT FUND
CORPORATION, EIGHTH AND SEVENTH GP LLC,
CHATEAU GC LLC

Plaintiff,

-against-

FLATIRON CONSTRUCTION CORPORATION

Defendant.
-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155542/2017 |
| **MOTION DATE** | 07/18/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595844/2019

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 184, 185, 186, 187,
188, 189, 190, 191, 192, 193, 194, 198, 199, 200, 201, 202, 203

were read on this motion to/for        RENEW/REARGUE/RESETTLE/RECONSIDER         .

In this Labor Law action, Defendants Chelsea Leaf South Housing Development Fund

Corporation ("Chelsea Leaf"), Eighth and Seventh GP LLC ("Eighth and Seventh GP"), and

Chateau GC LLC ("Chateau") (collectively "Defendants") move pursuant to CPLR 2221 to

modify, renew, and/or reargue the Court's decision and order dated June 18, 2024 (NYSCEF

Doc. No. 180,  ("June 2024 Decision") and for an order denying plaintiff Joel Oswaldo Ruiz

Carreno ("Plaintiff") summary judgment on his Labor Law § 240(1) claim and granting

155542/2017   RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING            Page 1 of 4
Motion No.  005

1 of 4

[* 1]

summary judgment on their third party claims for indemnification against third party defendant Flatiron Construction Corporation ("Flatiron"). Plaintiff and Flatiron oppose the motion.

The facts underlying the motion are set forth in the June 2024 Decision and incorporated by reference herein. In relevant part, Plaintiff alleges that, on November 21, 2016, he was injured at a construction site at 211 West 28th Street in Manhattan while employed as a concrete worker with nonparty Epiphany. Chelsea Leaf and Eighth and Seventh GP were owners of the premises and had retained Chateau as general contractor for the project. Flatiron was hired as construction manager for the project by Eighth and Seventh GP.

Plaintiff alleges that he was injured after falling off an open-top container. Epiphany workers had been placing sand and dirt from the job site into the container, which Plaintiff had been asked to cover with a tarp at the end of the workday. Plaintiff testified that his work required him to climb onto the container and that, as he was dragging the tarp across the top, a gust of wind lifted the tarp, causing him to fall. Plaintiff's co-worker testified that no safety training had been given to the workers, that no foreman from Epiphany was on site at the day of Plaintiff's accident, and that he did not direct Plaintiff to cover the container or climb on top of it. The coworker acknowledged that no personal protective equipment was provided at the job site and Epiphany workers had to bring their own.

In the June 2024 Decision, the Court granted Plaintiff and denied Defendants summary judgment on Plaintiff's Labor Law § 240(1) cause of action finding that his injuries fell within the foreseeable risk contemplated by the statute as Plaintiff's work exposed him to a height-related hazard for which he was not provided with an adequate safety device to protect him from the elevation differential. The Court denied Defendants' summary judgment motion seeking dismissal of the Labor Law § 241(6) claims and granted summary judgment with respect to

Plaintiff's Labor Law § 200 cause of action upon finding that Defendants did not directly supervise Plaintiff's work. The Court further denied granting summary judgment on Defendants' third-party claims for contractual and common law indemnification against Flatiron, and denied Flatiron's motion seeking dismissal of these claims, finding issues of fact as to Flatiron's negligence and as to whether the indemnification provisions in its contract were triggered by the work it performed.

A motion for leave to reargue must "be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221[d][2]). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]-[3]).

Defendants assert that reargument is warranted with respect to the Labor Law § 240(1) cause of action because Plaintiff failed to demonstrate an absence of material issues of fact because he did not establish that his work required him to stand on top of the container. In the June 2024 Decision, the Court considered and rejected this same argument. Plaintiff testified that his work required him to climb on top of the container from which he fell, and Defendants failed to offer any evidence rebutting this testimony. The facts and circumstances of this case are therefore distinguishable from the cases Defendants cite in this motion and in the prior motions (*cf., e.g., Ortiz v Varsity Holdings*, 18 NY3d 335, 339-340 [2011] [denying summary judgment where plaintiff failed to establish that standing on or near ledge was necessary to assigned task]). As Defendants have failed to establish that the Court overlooked any matters of law or fact and fail to produce new facts, this branch of the motion is denied.

Defendants further argue that if it is found that they remain liable under Labor Law § 240(1), they are entitled to conditional summary judgment on their contractual indemnification

155542/2017   RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING
Motion No.  005

Page 3 of 4

[* 3]

claim against Flatiron because they can only be held vicariously liable for Plaintiff's injuries due to the dismissal of the Labor Law § 200 cause of action. In its contract, Flatiron agreed to indemnify Defendants for "any act or failure to act on the part of [Flatiron] *in connection with the performance of the services hereunder* which is in violation of the terms of this Agreement or deliberate misconduct or bad faith" (NYSCEF Doc. No. 135, Article 9 [emphasis added]). In the June 2024 Decision, the Court found that there were issues of fact as to whether Flatiron's contractual duties as construction manager encompassed Plaintiff's injury-producing work and consequently denied summary judgment on Defendants' contractual indemnification claim on that basis. Defendants do not cite any facts regarding the scope of Flatiron's responsibilities as construction managers, do not offer any new facts not offered on the prior motion, and did not raise the issue of a conditional grant of summary judgment for contractual indemnification on the prior motion thus warranting denial of this branch of the motion.

Accordingly, it is hereby:

ORDERED that the motion is denied in its entirety.

|  |  |
|---|---|
| **12/6/2024**<br>**DATE** | **LORI S. SATTLER, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

155542/2017  RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING          Page 4 of 4
Motion No.  005

4 of 4

[* 4]