Morales v 88th Ave. Owner, LLC (2025 NY Slip Op 07295)

Morales v 88th Ave. Owner, LLC

2025 NY Slip Op 07295

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-00673
 (Index No. 518578/18)

[*1]Elihu Romero Morales, et al., plaintiff-respondent,
v
88th Avenue Owner, LLC, et al., defendants second third-party plaintiffs-appellants; Feinstein Iron Works, Inc., et al., second third-party defendants-respondents (and another third-party action).

Kennedys CMK LLP, New York, NY (Jay Hamad, Nancy Lewis, and Dean Aronin of counsel), for defendants second third-party plaintiffs-appellants.
Liakas Law P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for plaintiff-respondent.
Gartner + Bloom P.C., New York, NY (Roy M. Anderson and Lee Tarr of counsel), for second third-party defendant-respondent Feinstein Iron Works, Inc.
Kevin P. Westerman, Garden City, NY (Richard W. Ashnault and Brian L. Gordon of counsel), for second third-party defendant-respondent Construction Realty Safety Group, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, and, inter alia, a second third-party action, among other things, for contribution and indemnification, the defendants second third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated October 5, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR § 23-1.8(a), in effect, granted those branches of the separate cross-motions of the second third-party defendants which were pursuant to CPLR 1010 to dismiss the second third-party complaint insofar as asserted against each of them, and directed dismissal of the second third-party complaint with prejudice.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.8(a), and substituting therefor a provision denying those branches of the motion, (2) by adding thereto a provision, upon searching the record, awarding the defendants second third-party plaintiffs summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was [*2]predicated on a violation of 12 NYCRR 23-1.8(a), and (3) by deleting the provision thereof directing dismissal of the second third-party complaint with prejudice, and substituting therefor a provision directing dismissal of the second third-party complaint without prejudice; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants second third-party plaintiffs, payable by the plaintiff.
On May 11, 2017, the plaintiff allegedly was injured at a construction site in Queens when he was struck in the eye by a spark from ironwork being performed on the floor above him. At the time of the accident, the plaintiff was employed as a foreman by Construction Directions, LLC, a subcontractor on the subject construction project, which was retained to perform excavation and concrete work.
In September 2018, the plaintiff commenced this action to recover damages for personal injuries against the defendant second third-party plaintiff 88th Avenue Owner, LLC (hereinafter 88th Avenue), the owner of the property where the construction project took place, and the defendant second third-party plaintiff NY Developers & Managers, Inc. (hereinafter NY Developers), the general manager of the construction project. The plaintiff alleged, inter alia, violations of Labor Law §§ 240(1) and 241(6), the latter being predicated on, among other things, a violation of 12 NYCRR 23-1.8(a).
In July 2023, NY Developers and 88th Avenue commenced a second third-party action against two subcontractors on the construction project, the second third-party defendants, Feinstein Iron Works, Inc. (hereinafter Feinstein), and Construction Realty Safety Group, Inc. (hereinafter Construction Realty), asserting causes of action, inter alia, for contribution and common-law and contractual indemnification.
The plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.8(a). Feinstein and Construction Realty separately cross-moved, inter alia, pursuant to CPLR 1010 to dismiss the second third-party complaint insofar as asserted against each of them. In an order dated October 5, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion, in effect, granted those branches of the separate cross-motions of Feinstein and Construction Realty, and directed dismissal of the second third-party complaint with prejudice. The defendants appeal.
"'Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards'" (Cruz v 451 Lexington Realty, LLC, 218 AD3d 733, 735, quoting Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524). "Labor Law § 240(1) applies where there is a 'significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured'" (Ramones v 425 County Rd., LLC, 217 AD3d 977, 978, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). However, "'[n]ot every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1)'" (id. at 979, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "'[C]ourts must take into account the practical differences between the usual and ordinary dangers of a construction site, and . . . the extraordinary elevation risks envisioned by Labor Law § 240(1)'" (id., quoting Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [internal quotation marks omitted]). "The statute's protection '[is] limited to . . . those types of accidents in which the scaffold, hoist, stay, [and] ladder or other protective device [has] proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (id. [emphasis omitted], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501).
Here, the plaintiff failed to establish, prima facie, that the sparks resulting from the ironwork were objects that required securing for the purpose of the undertaking (see Cruz v 451 Lexington Realty, LLC, 218 AD3d at 736; Moncayo v Curtis Partition Corp., 106 AD3d 963, 965) [*3]or that his alleged injuries arose from an elevation-related risk contemplated by Labor Law § 240(1), as opposed to the usual and ordinary dangers of a construction site (see Giraldo v Highmark Ind., LLC, 226 AD3d 874, 876; Whitehead v City of New York, 79 AD3d 858, 859-860). Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Further, as the evidence established that Labor Law § 240(1) is inapplicable to the facts of this case, we exercise our authority pursuant to CPLR 3212(b) to search the record and award 88th Avenue and NY Developers summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) (see Grabowski v Consolidated Edison Co. of N.Y., Inc., 72 AD3d 888, 889-890).
"'Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657, quoting Aragona v State of New York, 147 AD3d 808, 809 [citations omitted]).
Here, the plaintiff failed to establish, prima facie, a violation of 12 NYCRR 23-1.8(a), as he did not demonstrate that he was personally engaged in welding, burning, or cutting operations, or in chipping, cutting, or grinding any material from which particles may fly, or was engaged in "any other operation which may endanger the eyes" (id.; see Chuqui v Cong. Ahavas Tzookah V'Chesed, Inc., 226 AD3d 960, 962). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.8(a), regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Further, as the evidence established that 12 NYCRR 23-1.8(a) was inapplicable (see Zamajtys v Cholewa, 84 AD3d 1360, 1362), we exercise our authority pursuant to CPLR 3212(b) to search the record and award 88th Avenue and NY Developers summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.8(a) (see Giraldo v Highmark Ind., LLC, 226 AD3d at 877).
Pursuant to CPLR 1010, the court has the discretion to "dismiss a third-party complaint without prejudice, order a separate trial of the third-party claim or of any separate issue thereof, or make such other order as may be just" (see George Cohen Agency, Inc. v Perlman Agency, Inc., 69 AD2d 725, 731). "CPLR 1010 provides a safety valve for cases in which the third-party claim will unduly delay the determination of the main action or prejudice the substantial rights of any party" (Soto v CBS Corp., 157 AD3d 740, 741 [internal quotation marks omitted]; see CPLR 1010; Annanquartey v Passeser, 260 AD2d 517, 517). "Where the record indicates that a third-party plaintiff knowingly and deliberately delayed in commencing the third-party action, the Supreme Court acts within its discretion to dismiss the third-party complaint" (Soto v CBS Corp., 157 AD3d at 741; see Skolnick v Max Connor, LLC, 89 AD3d 443, 444).
Here, the Supreme Court providently exercised its discretion in, in effect, granting those branches of the separate cross-motions of Feinstein and Construction Realty which were pursuant to CPLR 1010 to dismiss the second third-party complaint insofar as asserted against each of them, as the record reflects that 88th Avenue and NY Developers delayed the commencement of the second third-party action until July 2023, more than four years after 88th Avenue and NY Developers interposed their answer in the main action in February 2019 (see Soto v CBS Corp., 157 AD3d at 741). Moreover, 88th Avenue and NY Developers have not claimed that they were unaware of the existence of facts necessary to commence the second third-party action at an earlier date (cf. Range v Trustees of Columbia Univ. in the City of N.Y., 130 AD3d 515, 516). However, since CPLR 1010 did not authorize the court to dismiss the second third-party complaint with prejudice, we modify the order dated October 5, 2023, so as to direct that the dismissal of the second third-party complaint is without prejudice (see Cipollina v Kent, 52 AD2d 632).
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court