Leon v Plaza Constr., LLC (2026 NY Slip Op 00196)

Leon v Plaza Constr., LLC

2026 NY Slip Op 00196

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 151025/20|Appeal No. 5618|Case No. 2024-06416|

[*1]Manuel Leon, Plaintiff-Appellant-Respondent,
vPlaza Construction, LLC, et al., Defendants-Respondents-Appellants.

Cullen and Dykman LLP, New York (Daniel E. Cerritos of counsel), for respondents-appellants.
Law Offices of Lawrence Perry Biondi, P.C., Garden City (Lisa M. Comeau of counsel), for appellant-respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about October 1, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment on the Labor Law § 240(1) claim and denied plaintiff's cross-motion for partial summary judgment on that claim, unanimously affirmed, without costs.
Plaintiff testified at his deposition that the task he was instructed to carry out —handing rebar to coworkers for installation — required him to stand on top of a worktable to sort through loose rebars. According to plaintiff, he was injured when the rebars shifted under his foot, causing him to lose his balance and fall to the floor. Defendants offered the deposition testimony of their foreman, which was contradictory as to whether plaintiff was required to perform his work at an elevation and as to whether safety devices were necessary (see e.g. Breslin v Macy's Inc., 211 AD3d 569, 569 [1st Dept 2022]).
The court properly concluded that issues of fact preclude summary judgment in favor of either party because the parties offer conflicting evidence concerning whether plaintiff's work required him to be at an elevation, such that Labor Law § 240(1) applies (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339-40 [2011]; see also Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026